SEXTON, Judge.
This is an appeal from the granting of a summary judgment in favor of plaintiff-ap-pellee, Empire Blue Cross Blue Shield, finding that the Shreveport City Court was without jurisdiction under LSA-R.S. 22:657 to render a previous judgment against it. For the following reasons, we reverse.
On June 16, 1988, George Webb and Lou Webb (defendants in the instant case) filed a petition against Empire Blue Cross Blue Shield (Empire) seeking to recover benefits allegedly due under a health and accident insurance policy issued by Empire to George Webb. Service of process was obtained through the Secretary of State on June 28, 1988. A default judgment was rendered against Empire on August 4, 1988, judgment being rendered in the principal amount of $3,388.85, together with double penalties (pursuant to LSA-R.S. 22:657) in the amount of $6,777.70, along with 25 percent attorney’s fees.
On September 12, 1988, a petition for nullity of judgment was filed on behalf of Empire against the Webbs. The petition alleged that, among other things, under LSA-R.S. 22:657 A, the Shreveport City Court had no jurisdiction over the subject matter of the proceeding. On October 25, 1988, Empire filed a motion for summary judgment based on this allegation. Summary judgment was subsequently signed on May 30, 1989, declaring the August 4, 1988, default judgment null and void. Defendants Webb have appealed the granting of that summary judgment.
The statutory language at issue in this case is found in the Insurance Code at *538 LSA-R.S. 22:657 entitled “Payment of claims; health and accident policies; prospective review; penalties; self-insurers.” The disputed language, found in Section A of this statute, reads in pertinent part:
The district court of the parish where the insured lives or has his domicile shall have jurisdiction to try such cases.
It is the interpretation of this language about which the parties disagree. Appellants argue that the above-quoted language is not a limitation of jurisdiction but simply a venue provision extending venue for health and accident insurance claims in addition to venue allowed under LSA-C.C.P Art. 42, in the parish of the defendant’s domicile, and under LSA-C.C.P. Art. 76, in the parish where the insured is domiciled or where the accident or illness occurred. Appellants claim that LSA-R.S. 22:657 A allows suit on these claims to also be brought in the parish where the insured lives, a place which may not necessarily be the insured’s domicile under LSA-C.C.P. Art. 76.
Appellee argues that Section 657 A is essentially jurisdictional and by its own clear wording requires that suits on health and accident policies be brought only in the district court. It claims that this is the only reasonable interpretation of the district court’s being specifically mentioned in this statute since LSA-Const. Art. 5, § 16, providing “a district court shall have original jurisdiction of all civil and criminal matters,” has already granted jurisdiction to the district court in all civil actions. Thus appellee claims the legislature must have intended in Section 657 A not merely to reconfirm but to limit jurisdiction solely to the district court.
Appellee further points out the legislative history of LSA-R.S. 22:657. It notes that the prior law giving rise to Section 657 was Act 310 of 1910. Section 4 of that act provided that “the court of the parish where the claimant lives or has domicile shall have jurisdiction to try such cases.” [Emphasis ours] It then points out that Section 14.47 of Act 195 of 1948, the forerunner to Section 657, changed the jurisdictional language to read exactly as that contained in the present Section 657, giving the district court jurisdiction to hear such cases. Appellee claims that this changing of the language from “court” to “district court” further shows the legislative intent to limit jurisdiction to the district court where the insured lives or has his domicile.
This is a difficult issue to decide, the evidence of legislative intent as to this portion of LSA-R.S. 22:657 being essentially nonexistent. Further, there is no jurisprudence to aid us in our interpretation. However, upon reflection, we agree with appellant that this provision of LSA-R.S. 22:657 is a venue provision, rather than one of subject matter jurisdiction.
First, we note that the language of Section 657 itself does not seem to mandate jurisdiction to the district court where the insured lives or has his domicile, but only allows the district court jurisdiction in these health and accident insurance cases. In short, the language seems more permissive than mandatory. Second, perhaps more importantly, we cannot believe that the legislature intended to limit the insured with a health and accident insurance claim to filing suit only in the district court where the insured lives or has his domicile, thereby disallowing a suit in defendant’s domicile or in the parish where the accident or illness occurred, as allowed under LSA-C.C.P. Arts. 42 and 76.
Finally, we note that no such “jurisdictional” or “venue” language is found in LSA-R.S. 22:656, dealing with payment of life insurance policies, or in LSA-R.S. 22:658, dealing with payment of policies other than life or health and accident. The venue in suits concerning these types of insurance policies is provided for only in LSA-C.C.P. Arts. 42 and 76. We cannot discern any reason why the legislature would want to limit the places where suit on a health and accident insurance policy could be brought, while not doing the same with life insurance and other types of insurance claims. We therefore find that the better interpretation of the legislature’s purpose in adding a provision granting “jurisdiction” in suits on health and accident insurance claims was to give the in *539 sured the opportunity to also sue in the parish where he lives in addition to the choices he already has under LSA-C.C.P. Arts. 42 and 76.
This view is further strengthened by LSA-C.C.P. Art. 4843, which reads as follows:
Art. 4843. City court jurisdiction; amount in dispute
A. The civil jurisdiction of a city court is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed ten thousand dollars.
This concurrent jurisdiction was previously constitutionally provided for — LSA-Const. Art. 14, § 16 (1974) now making these provisions concerning city court jurisdiction statutory. Again, we can see no reason for the legislature to require that a certain type of insurance policy claim— health and accident claims — be brought in only district court when all other types of insurance claims may be brought within the concurrent jurisdiction of either the district court or the city court, which concurrent jurisdiction existed long before the amendment of LSA-R.S. 22:657 A in 1948 to read as it does today.
Appellee also points to LSA-C.C.P. Art. 4847, which enumerates specific instances in which a parish or city court has no jurisdiction. It argues that Section A(7) provides that a city court has no jurisdiction in “[a]ny other case or proceeding excepted from the jurisdiction of these courts by law” and that LSA-R.S. 22:657 A is such an instance otherwise provided by law. We disagree. As stated above, we find the language in LSA-R.S. 22:657 A to be permissive rather than mandatory. Additionally, we discern no evident policy reasons which would dictate disallowing claims on health and accident insurance policies from being brought in city court, while allowing every other type of insurance claim to be brought there. We find a more fair and equitable interpretation to be a legislative intent to extend venue in these type cases to the district court of the parish where the insured lives, rather than prohibiting an insured from bringing suit in the same venues as other insurance claims are allowed to be brought.
For the foregoing reasons, we find that the language in LSA-R.S. 22:657 A is not jurisdictional but is merely an extension of venue for claims on health and accident insurance policies. We therefore reverse the judgment of "the trial court nullifying the August 4, 1988, default judgment and render judgment rejecting plaintiffs demands at plaintiff’s cost.
REVERSED.